JS -6 / O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 09-1997 PSG (SSx) | Date | January 4, 2010 |
|---|---|---|---|
| Title | James Brown *et al.* v. Bank of America *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:**   (In Chambers) Order Remanding Case

I.   Background

On September 22, 2009, Plaintiffs James and Valerie Brown filed this suit in California state court against Defendant Bank of America, N.A., as successor in interest to Countrywide Bank. The suit is based on allegations that Defendant engaged in unlawful lending and foreclosure practices in connection with a mortgage obtained by Plaintiffs. The complaint lists the following causes of action: 1) To Set Aside Wrongful Foreclosure, 2) Common Law Fraud and Negligent Misrepresentation, 3) Declaratory Relief, 4) Injunctive Relief, 5) Intentional Infliction of Emotional Distress, 6) Negligence, 7) Quiet Title to Real Property, 8) Unfair Debt Collection Practices under Cal. Civ. Code § 1788.17, and 9) Rescission of an Unlawful Contract.

On October 26, 2009, Defendant Bank of America removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. On December 1, 2009, the Court issued an order to show cause ("OSC") why the case should not be remanded, indicating that Plaintiffs' claims did not appear to "arise under" federal law. The Court now considers Defendant's response, which was filed on December 22, 2009.

II.   Legal Standard

Removal of a civil action from state court to a federal court is permitted when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). If at any time before the entry of final judgment, however, it appears that the federal court lacks subject matter jurisdiction over the removed case, the court must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l*

JS -6 / O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 09-1997 PSG (SSx) | Date | January 4, 2010 |
|---|---|---|---|
| Title | James Brown *et al.* v. Bank of America *et al.* | | |

*Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991). There is, moreover, a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, if there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

III.   Discussion

The complaint in this case asserts only state law causes of action. Defendant contends that Plaintiffs' claims "arise under" federal law, however, because Plaintiffs' eighth cause of action for violation of California's Fair Debt Collection Practices Act (the "State FDCPA") includes allegations that Defendant violated the federal Fair Debt Collection Practices Act (the "Federal FDCPA") and seeks remedies under the latter. The Court is not persuaded by Defendant's argument.

To determine whether a claim made under a state law cause of action nevertheless "arises under" federal law, a court must consider whether the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (U.S. 2005). A "substantial" federal question is one that "involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court.'" *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 552 (6th Cir. 2006) (quoting *Grable & Sons,* 125 S. Ct. at 2368). Thus, as the Supreme Court has noted, "federal issue" is not "a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons,* 545 U.S. at 314.

As Defendant rightly notes, the State FDCPA creates state law liability for violations of the Federal FDCPA. *See* Cal. Civ. Code § 1788.17. It also incorporates by reference the statutory remedies provided for under the Federal FDCPA. *See id.* As a result, where a party has violated the Federal FDCPA, it has generally also violated the State FDCPA and is subject to an additional award of the statutory damages described in the Federal FDCPA. *See id.*; *Chan v. N. Am. Collectors, Inc.,* 2006 U.S. Dist. LEXIS 13353, *20 (N.D. Cal. Mar. 24, 2006).

Here, however, Plaintiffs' are only alleging State FDCPA liability and only seeking relief under the State FDCPA. This is apparent from the manner in which Plaintiffs have pleaded their eighth cause of action. After alleging that Defendant violated the State FDCPA by, among other

JS -6 / O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 09-1997 PSG (SSx) | Date | January 4, 2010 |
|---|---|---|---|
| Title | James Brown *et al.* v. Bank of America *et al.* | | |

things, misrepresenting the status of Plaintiffs' supposed debt, *see Cmplt* ¶¶ 100-102, the Complaint states, "The foregoing violations of [the Federal FDCPA] by defendant result in separate violations of [the State FDCPA]." *Cmplt* ¶ 103. Then, after noting that the State FDCPA provides that violators are subject to the statutory remedies provided for by the Federal FDCPA, *see id.* at ¶ 105 (citing Cal. Civ. Code § 1788.17), the Complaint indicates that such remedies in this case include those available when violators' misconduct is "intentional, persistent, frequent, and devious." *See Cmplt* ¶ 105.[1]

In sum, then, Plaintiffs' State FDCPA claim only refers to federal law to the extent that it has been incorporated by reference in the State FDCPA. It neither alleges federal liability nor seeks federal relief. It does not appear to involve the interpretation of a federal statute, and Defendant does not argue otherwise. Above all, perhaps, the Court cannot say that the claim implicates federal issues in such a manner that Plaintiffs' suit "sensibly belongs in federal court." *See Eastman,* 438 F.3d 544 at 552 (internal quotations omitted). The Court therefore determines that no "substantial" federal question is raised by Plaintiffs' claims, and that this suit should be remanded to state court for lack of federal subject matter jurisdiction.

IV.   Conclusion

For the foregoing reasons, the Court finds Defendant's response to the Court's December 1, 2009 OSC to be insufficient. Accordingly, the Court remands this case to state court on the grounds that this Court lacks subject matter jurisdiction.

**IT IS SO ORDERED.**

---

[1] Paragraph 105 of the Complaint reads: "California Civil Code § 1788.17 provides that defendant is subject to the statutory remedies of 15 U.S.C. § 1692(k), for failing to comply with the provisions of 15 U.S.C. § 1692(b)(6) and § 1692(c)c. The foregoing acts by defendant were intentional, persistent, frequent, and devious violations of 15 U.S.C. § 1692, which trigger additional damages of $1,000.00 under 15 U.S.C. § 1692(k)(a)(2)(A)."